UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

         Plaintiff,

   v.

JEANETTE FISCHER, *et al.*,

         Defendants.

CASE NO. C18-0006 RSM

ORDER DENYING REMAND

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion for Remand.[1] Dkt. #10. Plaintiff initially filed a civil rights action in King County Superior Court on or about December 7, 2017. Dkts. #1 and #1-1. Defendants removed the matter to this Court on January 3, 2018. Dkt. #1. Plaintiff now requests that his case be remanded to state court because he paid to proceed in that court, and because the state and federal courts have concurrent jurisdiction over his claims. Dkts. #10 and #16. In addition, Plaintiff appears to believe that he must exhaust his case in state court before proceeding in this Court. *See* Dkt. #11 at 2.

An action may be removed to federal court if it could have been originally brought in federal court. 28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A defendant may remove an action on the basis of federal question jurisdiction. District

---

[1] Plaintiff titles his motion as "Plaintiff's Motion, Affidavit and Order to Oppose Defendant's Motion for Removal of this Case to U.S. Western District Court in Seattle," which this Court construes as one to remand to state court. Dkt. #10.

ORDER
PAGE - 1

courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint as of the time the removal petition was filed." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988) (citations omitted).

In this case, Plaintiff admits that he has raised federal claims in his Complaint, including alleged violations of his civil rights under 42 U.S.C. § 1983. Dkt. #11 at 2. Thus, this Court has original jurisdiction over his federal claims. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over state law claims that are related to those that form the case or controversy under Article III of the United States Constitution. Further, removal is proper to the Western District of Washington at Seattle because this District and Division embrace King County, which is where the Defendants are located and where the events giving rise to this suit occurred. Local Civil Rules 3(e) and 101.

Accordingly, having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby ORDERS that Plaintiff's Motion to Remand (Dkt. #10) is DENIED and all of Plaintiff's claims shall proceed in this Court.

DATED this 2nd day of February 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 2