IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

    Plaintiff,

v.

JEANETTE FISCHER, *et al.*,

    Defendants.

Case No. C18-0006 RSM

ORDER GRANTING DEFENDANT SCORE'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Defendant SCORE Jail's ("SCORE") Motion for Summary Judgment. Dkt. #22. Defendant seeks dismissal of Plaintiff's claims against it, asserting that his claim lacks any legal or factual basis. *Id.* Plaintiff essentially responds that Defendant is lying. Dkts. #25 and #26. For the reasons set forth below, the Court disagrees with Plaintiff, and GRANTS Defendant's Motion for Summary Judgment.

## II. BACKGROUND

Plaintiff initially filed this action on December 5, 2017, in King County Superior Court. Dkt. #1-1. In his Complaint, Plaintiff alleges that he was falsely arrested on May 29, 2017, and booked into the Snohomish County Jail, but then immediately taken to Swedish Hospital to address his medical concerns. Dkt. #1-1 at ¶¶ 1.1, 4.1 and 4.2. He further alleges that he was returned to the Snohomish County jail, but was transferred on

ORDER– 1

May 31, 2017, to SCORE.  Dkt. #1-1 at ¶ ¶ 1.2 and 4.3.  He alleges that SCORE medical staff then involuntarily placed him in administrative segregation with no explanation.  *Id.* at ¶ ¶ 1.3 and 4.4.  He further alleges that he spent three days in administrative segregation, he requested an explanation twice by kite as to why he was in administrative segregation, all he received in return was a notice of inmate move to restricted housing, and he never received a due process hearing.  *Id.* at ¶ 4.4.  He was then released from SCORE on June 2, 2017.  *Id.* at ¶ ¶ 1.5 and 4.6.

The record in this case reveals the following.  Plaintiff was booked into SCORE Jail on May 31, 2017, at approximately 1:00 p.m.  Dkt. #23 at ¶ 3.  He was released less than 48 hours later, on June 2, 2017, at 12:15 p.m.  *Id.*  On May 31st, Plaintiff was initially housed in the general population in cell S3 Mezzanine 13, at approximately 2:46 p.m.  *Id.*  About one hour later, at 3:50 p.m., he was moved to the Medical Unit, "M 10."  *Id.*  According to Defendant, if Plaintiff had been placed in administrative segregation, his cell would have been N1 or S7.  *Id.*

SCORE's *Custody Manual* allows the jail to move inmates to "Restricted Housing," which includes administrative segregation, disciplinary detention, and Medical/Mental Health Housing.  *Id.* at ¶ 5.  The "ad-seg" housing is for those awaiting the outcome of a disciplinary infraction, and those who have a history of misconduct that requires long term, restricted housing.  According to Defendant, Plaintiff was in neither situation, nor had he been found culpable of a disciplinary code section that would have placed him in "disciplinary detention."  *Id.*

Plaintiff had been incarcerated three times previously, in 2012, 2013 and 2014.  *Id.* at ¶ 11.  In November 2012, he was sentenced to 184 days at SCORE, during which time he

ORDER– 2

had been housed in the Medical Unit. *Id.* Accordingly, Defendant asserts that Plaintiff was aware of what the Medical Unit looked like. *Id.*

Defendants removed this action to this Court on January 3, 2018. Dkt. #1. Plaintiff filed a motion for remand, which was denied. Dkts. #10 and #18. The instant motion followed.

### III. DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Plaintiff's Claim Against SCORE**

The sole basis for Plaintiff's claim against SCORE Jail is that he was placed in administrative segregation in violation of his due process rights. Dkt. #1-1 at ¶ 4.4. However, the record demonstrates that he was never placed in administrative segregation. Dkt. #23 at ¶ 3. Plaintiff presents no evidence contrary to the record, nor has he raised any genuine dispute to that fact. His unsupported and unsworn assertions that he was placed in administrative segregation are not enough to defeat summary judgment on the record currently before the Court. For these reasonss, the Court will dismiss Plaintiff's claim against SCORE.

### IV. CONCLUSION

Having reviewed Defendant's Motion for Summary Judgment, the Opposition thereto and Reply in support thereof, along with the supporting Declaration and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant SCORE Jail's Motion for Summary Judgment (Dkt. #22) is GRANTED, and Defendant SCORE is DIMISSED as a Defendant to this action.

2. Plaintiff's claims against the other Defendants remain pending before the Court.

DATED this 11th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE