IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

    Plaintiff,

v.

JEANETTE FISCHER, *et al.*,

    Defendants.

Case No. C18-00006RSM

ORDER GRANTING DEFENDANT BREINER'S MOTION FOR SUMMARY JUDGMENT AND STRIKING DISCOVERY MOTIONS AS MOOT

## I. INTRODUCTION

This matter comes before the Court on Defendant Mindy Breiner's Motion for Summary Judgment. Dkt. #31. Defendant Breiner seeks dismissal of Plaintiff's claims against her, asserting that she did nothing improper, she committed no due process violation, and she is entitled to quasi-judicial and qualified immunity for performing the integral judicial task of a court clerk by updating the court information database. *Id.* Plaintiff essentially responds that Defendant Breiner violated his right to due process by breaching her duty of care to him. Dkt. #32. For the reasons set forth below, the Court disagrees with Plaintiff, and GRANTS Defendant's Motion for Summary Judgment.

ORDER– 1

## II. BACKGROUND[1]

Plaintiff initially filed this action on December 5, 2017, in King County Superior Court. Dkt. #1-1. Plaintiff alleges that on June 2, 2017, he appeared for arraignment on a bench warrant that had been issued for a prior failure to appear. Dkt. #1-1 at ¶ 1.4. He was released, and returned to court on June 5, 2017, where he reported to SeaTac Municipal Court Probation Officer Jeanette Fischer. Dkt. #1-1 at ¶¶ 1.5, 1.6, 4.5 and 4.6. Ms. Fischer apparently told him the warrant had been executed because she was unable to locate his current address. *Id.*

Plaintiff also alleges that on November 20, 2017, Defendant Breiner informed him that she had changed his address to a Post Office Box in Seattle, WA, but did not know why she had done it. *Id.* at ¶ 4.7. Plaintiff alleges that this caused the Notice to Appear to be sent to the wrong address, and therefore resulted in the warrant for his arrest. *Id.* He asserts that Ms. Breiner's actions violated his Due Process rights. *Id.* at ¶ 4.8.

The evidentiary record in this case reveals the following. Defendant Breiner is a probation officer for the Tukwila Municipal Court, and has been employed in that capacity since 2000. Dkt. #29 at ¶ 2. In March 2012, the City of Tukwila entered into an agreement with the City of SeaTac to provide municipal court probation services for them. That agreement existed until December 31, 2016. Dkt. #29 at ¶ 2. Although Defendant Breiner's title is Probation Officer, she performs many of the functions of a Court Clerk. *Id.* at ¶ 3. For example, she works extensively with the Municipal Court's database for

---

[1] Although the Court views the facts in the light most favorable to the non-moving party, in this case Plaintiff, the Court notes that Plaintiff has provided no sworn Declarations or Affidavits in Support of his Opposition to the instant motion, nor has he provided any documentary or other evidence to the Court.

ORDER– 2

docketing and entering other court related information. *Id.* The court uses the statewide courts database administered by the Office of the Administrator of the Courts, known as the Judicial Information System ("JIS"). *Id.* Defendant Breiner has the same permissions as the court clerk, except that she does not enter information related to finances (e.g., fines and payments). *Id.*

Defendant Breiner acknowledges that, after his May 2017 arrest, Plaintiff told her that a Summons had been sent to a Post Office Box that was not his. *Id.* at ¶ 6. As a result, she later researched his claim in the JIS database and reviewed Plaintiff's address history. *Id.* The JIS database indicates that on February 2, 2016, Plaintiff's address was changed to a Post Office Box in Seattle, WA, with her initials next to the change. *Id.* Defendant Breiner also learned that in late January 2017, she received a returned envelope addressed to Plaintiff from the post office, with a notation of a bad address. *Id.* at ¶ 8. As a result, she updated Mr. Bell's address in JIS, according to the USPS label on the returned mail. *Id.* The JIS Address History report indicated that she made the change on February 2, 2017, and that someone other than Plaintiff had reported the change of address. *Id.* Defendant Breiner was also able to determine that the entry was coded as "Status Change Only" and that the reason given for changing the previous address was coded as "Notified by Other." *Id.* at ¶¶ 9 and 10 and Exs. A and B thereto. This was not unusual to Defendant Breiner as, in the past ten years, Plaintiff has used 17 different addresses. *Id.* at ¶ 11. Further, on six separate occasions in that same timeframe, the Court was unable to deliver mail to Plaintiff. *Id.*

On February 28, 2017, a Summons to appear at a March 16, 2017, Review Hearing was issued to Plaintiff, and addressed to the Post Office Box address. Dkt. #29 at ¶ 19, Ex.

ORDER– 3

C at SEATAC 000101. Plaintiff did not appear and a Bench Warrant was issued for "Failure to Appear at Hearing". *Id.* at SEATAC 00095 and 100. On May 18, 2017, Probation Officer Fischer advised the court that "Mr. Bell has not made himself available for probation. It is requested that probation is terminated at this time and a bench warrant issued for his arrest." *Id.* at ¶ 20, Ex. C at SEATAC 00085. On June 2, 2017, Plaintiff appeared in Court on the charge of failing to have an interlock devise installed on his car as required by his Judgment and Sentence. *Id.* at ¶ 21, Ex. C at SEATAC 00086. He was released on his personal recognizance in order to present documentary proof that the device was properly installed. *Id.*

Plaintiff subsequently brought this lawsuit. Defendants removed this action to this Court on January 3, 2018. Dkt. #1. Plaintiff filed a motion for remand, which was denied. Dkts. #10 and #18. On May 11, 2018, this Court granted Defendant's SCORE Jail's motion for summary judgment and dismissed SCORE from the action. Dkt. #28. The instant motion followed.

### III. DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*,

969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Plaintiff's Claims Against Defendant Breiner**

Plaintiff appears to allege claims for violation of State and Federal constitutional due process violations against Defendant Breiner. Dkt. #1-1 at ¶ 5.7. Plaintiff also appears to allege a claim for violation of his Fourth Amendment right to be free from a warrant not supported by probable cause against Defendant Breiner. *Id.* These claims fail as a matter of law for the reasons discussed below.

*1. Washington State Constitutional Claims*

As an initial matter, the Court addresses Plaintiff's claim against Defendant Breiner for violation of Article 1, Section 3 of the Washington State Constitution, which states: "[n]o person shall be deprived of life, liberty, or property, without due process of law." Const. art. I, § 3. Defendant argues that this claim should be dismissed because the Washington state constitution does not create a cause of action for money damages, without

the aid of augmentative legislation. Dkt. #31 at 9. Plaintiff fails to address this argument in his opposition.

Washington courts have consistently refused to recognize a state constitutional tort for damages. *See Reid v. Pierce County,* 136 Wn.2d 195, 213-14, 961 P.2d 333 (1998) (refusing to recognize a constitutional cause of action when plaintiffs did not present a reasoned or principled basis for one nor establish that it would be more appropriate than common law causes of action); *Blinka v. Wash. State Bar Ass'n,* 109 Wn. App. 575, 591, 36 P.3d 1094 (2001) (explaining that Washington courts will not recognize a cause of action based on constitutional violations without legislative guidance). This Court finds no reason to hold anything to the contrary. Accordingly, Plaintiff's claim for violation of the Washington State Constitution is dismissed.

*2. Fourteenth Amendment Due Process Claim*

The Court next turns to Plaintiff's claim for a violation of his procedural due process rights under the Fourteenth Amendment Due Process Clause. Plaintiff alleges that his rights were violated when Defendant Breiner updated his address without investigating whether he had really moved, which resulted in him missing a court date, and ultimately a warrant for his arrest. Dkts. #1-1 at ¶ 4.7 and #32 at 4-5. He also asserts that he should have had an opportunity to be heard prior to the change in his address. Dkt. #32 at 5.

Under the Fourteenth Amendment to the United States Constitution, "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of laws." U.S. Const. amend. XIV. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).

ORDER– 6

"Due process 'is a flexible concept that varies with the particular situation.'" *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990)).

Courts analyze procedural due process claims in two steps. First, the court "asks whether there exists a liberty or property interest which has been interfered with by the State." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013) (internal quotation marks and citation omitted). If the court finds a protected interest, it proceeds to step two to determine what process is due. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). In this second step, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Vasquez*, 734 F.3d at 1042 (citation omitted). To guide the second step of the analysis, courts consider the three-part balancing test announced in *Mathews v. Eldridge*:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

As an initial matter, the Court is not aware of any case in the Ninth Circuit addressing whether updating an address that turns out to be incorrect violates due process. However, the Ninth Circuit Court of Appeals did reject a due process claim in a similar context:

> Stussy contends that the City of Los Angeles violated his constitutional rights when they sent notice of his upcoming arraignment to the wrong address. Stussy contends that this error resulted in the issuance of an

ORDER– 7

> invalid warrant and his subsequent arrest without due process. Stussy's contention of a constitutional violation fails because the warrant in this case was issued upon probable cause. *See Baker v. McCollan*, 443 U.S. 137, 144, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979) (arrest based on probable cause cannot be the basis of a constitutional violation); *Gerstein v. Pugh*, 420 U.S. 103, 120, 43 L. Ed. 2d 54, 95 S. Ct. 854 (1975) (finding probable cause when the facts and circumstances within the arresting officer's knowledge would lead a reasonable prudent person to believe that a crime has been committed).

*Stussy v. City of Los Angeles*, 1995 U.S. App. LEXIS 33342, *3-4 (9th Cir. Dec. 19, 1996). While that memorandum disposition is unpublished, and therefore not cited for any precedential value, this Court is persuaded that there can be no due process violation in the instant matter for similar reasons.

Further, such a conclusion comports with like due process allegations in other District Courts in this Circuit. For example, the Central District of California has found that Due Process was satisfied when an agency was permitted to update addresses by law, even if the address later turned out to be incorrect:

> Plaintiff's third cause of action also attempts to state a constitutional claim for violating due process against defendant Lucas in her individual capacity, for denying plaintiff due process of law by mailing the notice advising him of the suspension of his driver's license to a "wrong" address obtained from an LAPD accident report. Complaint, P 19, Exhs. K, M. However, plaintiff has not, and cannot, state a due process violation claim against defendant Lucas in her individual capacity, as discussed below.
>
> "It is clear that the Due Process Clause applies to the deprivation of a driver's license by the State[,]" *Dixon v. Love*, 431 U.S. 105, 112, 97 S. Ct. 1723, 1727, 52 L. Ed. 2d 172 (1977); *Mackey v. Montrym*, 443 U.S. 1, 10, n.7, 99 S. Ct. 2612, 2617 n.7, 61 L. Ed. 2d 321 (1979), and "the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment.'" *Dixon*, 431 U.S. at 112, 97 S. Ct. at 1727 (quoting *Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971)). "'The fundamental requisite of due process of law is the opportunity to be heard[,]'" *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657, 339

U.S. 306 (1950) (citation omitted); *Ford v. Wainwright*, 477 U.S. 399, 413, 106 S. Ct. 2595, 2603, 91 L. Ed. 2d 335 (1986), which "'has little reality or worth unless one is informed' that a decision is contemplated." *Burns v. United States*, 501 U.S. 129, 136, 111 S. Ct. 2182, 2186, 115 L. Ed. 2d 123 (1991) (quoting *Mullane*, 501 U.S. at 314, 70 S. Ct. at 657). For this reason, "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S. Ct. at 657; *Taft Prof'l Collection Servs. v. Pope*, 485 U.S. 478, 484, 108 S. Ct. 1340, 1344, 99 L. Ed. 2d 565 (1988). To satisfy this notice requirement, California law requires DMV to provide first-class mail notice to an individual when a driver's license is suspended. Veh. C. § 13106(a).

Here, plaintiff alleges defendant DMV mailed his driver's license suspension notice to the "wrong" address, which was taken from an LAPD accident report dated February 8, 2003. However, under California law, DMV is permitted to update its records to reflect an individual's new address as reported by a law enforcement agency, such as LAPD. *See*, *e.g.*, Veh. C. § 13106(a) ("It shall be a rebuttable presumption, affecting the burden of proof, that a person has knowledge of the suspension or revocation if notice has been sent by first-class mail by the [DMV] pursuant to this section to the most recent address reported to the department pursuant to Section 12800 [driver's license application] or 14600 [requiring persons to notify DMV of change of address within 10 days], or any more recent address on file *if reported by the person, a court, or a law enforcement agency,* and the notice has not been returned to the department as undeliverable or unclaimed." (emphasis added)). Thus, DMV employee defendant Lucas complied with California law when she mailed notice of the suspension of plaintiff's driver's license to plaintiff's address listed on an LAPD accident report, and there was no due process violation. *Mullane*, 339 U.S. at 314, 70 S. Ct. at 657; *cf. Madewell v. Downs*, 68 F.3d 1030, 1047 (8th Cir. 1995) ("Any confusion about [plaintiff's] actual residence was the result of [plaintiff's] own conduct, not the result of a willful failure to send notice to an address the [agency] knew or should have known."). Accordingly, plaintiff has not, and cannot, state a due process violation claim against defendant Lucas in her individual capacity.

*Banks v. DMV*, 419 F. Supp.2d 1186, 1195-96 (C.D. Cal. 2006).

ORDER– 9

In the instant matter, the Court acknowledges that constitutional due process includes notice and hearing as a matter of right where one's property interests are involved. However, as demonstrated by the record, Defendant Breiner had the authority to update the Court's database with Plaintiff's address information based on returned mail.² Dkt. #29 at ¶ ¶ 3-5 and Ex. B thereto. Moreover, the Court is not aware of any legal authority requiring Defendant to engage in an investigation of a change of address under these circumstances. Thus, Plaintiff cannot maintain a federal due process claim against Defendant Breiner in her individual capacity.

   3. *Fourth Amendment Unsupported Warrant Claim*

Finally, Plaintiff appears to allege a Fourth Amendment claim against Defendant Breiner. Dkt. #1-1 at ¶ 5.7. From what the Court can ascertain, this claim is based on the allegation that Defendant's entry of an incorrect mailing address resulted in a bench warrant that was not supported by probable cause. *See id.* Such a claim is baseless in these circumstances. As evidenced by the record, a Summons to appear at a March 16, 2017, Review Hearing was issued to Plaintiff on February 28, 2017, and addressed to his Post Office Box address. Dkt. #29, Ex. C at SEATAC 000100. Plaintiff did not appear, and a Bench Warrant was issued on March 16, 2017 for "Failure to Appear at Hearing. *Id.* at SEATAC 00095 and 100. The bench warrant was supported by probable cause at the time,

---

² Plaintiff complains that Defendant has failed to produce the actual returned mail envelope. *See* Dkt. #32 at 2. However, he acknowledges that he has found "Ms. Mindy Breiner to Be Honest, Truthful and Courage's [sic] for her making known all the truth of this case". *Id.* The fact that Defendant has not produced the actual envelope is of no import as she has evidenced the fact of the mail return through her sworn Declaration. *See* Dkt. #29.

ORDER– 10

even though Plaintiff later informed the Court that he never received the initial notice.[3] Thus, Plaintiff has failed to allege an adequate claim for a Fourth Amendment violation, and this claim will also be dismissed.

   *4. Immunity*

Because the Court finds that Plaintiff's alleged constitutional violations fail as a matter of law, the Court need not reach Defendant Breiner's alternate immunity arguments. *See* Dkt. #31 at 4-9.

### IV. CONCLUSION

Having reviewed Defendant's Motion for Summary Judgment, the Opposition thereto and Reply in support thereof, along with the supporting Declaration and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1. Defendant Breiner's Motion for Summary Judgment (Dkt. #29) is GRANTED, and Defendant Breiner is DIMISSED as a Defendant to this action.

2. Defendant Breiner's pending Motion to Compel (Dkt. #33) is DENIED AS MOOT.

3. Plaintiff's pending Motion to Compel (Dkt. #35) is DENIED AS MOOT.

4. Plaintiff's claims against the other Defendants remain pending before the Court.

---

[3] Interestingly, on June 6, 2017, Plaintiff signed an Order of Review/Revocation Hearing/Commitment form that listed his service address as the Post Office Box he now contends was not correct. *See* Dkt. #29, Ex. C at SEATAC 000086-87. Plaintiff's signature appears directly above that address. *Id.* at SEATAC 000087. However, nothing in the record indicates that he disputed the address at that time. While it is not clear from the record when he indicated to Defendant Breiner that his address was incorrect, Plaintiff himself alleges that he did not notify her until many months later on November 20, 2017. Dkt. #1-1 at ¶ 4.7.

ORDER– 11

DATED this 13 day of June, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 12