IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN E. BELL,

    Plaintiff,

v.

JEANETTE FISCHER, *et al.*,

    Defendants.

Case No. C18-00006RSM

ORDER GRANTING DEFENDANTS CITY OF SEATAC'S AND FISCHER'S MOTION FOR SUMMARY JUDGMENT AND STRIKING SECOND RESPONSE BRIEF

## I. INTRODUCTION

This matter comes before the Court on Defendant City of SeaTac's and Jeannette Fischer's Motion for Summary Judgment. Dkt. #39. Defendants seek dismissal of Plaintiff's claims against them, asserting that Plaintiff fails to provide factual evidence to support his claims, and that Defendant Fischer committed no due process violation and she is entitled to quasi-judicial and qualified immunity. *Id.* Plaintiff essentially responds that there are material factual disputes precluding summary judgment. Dkt. #42.[1] For the reasons set forth below, the Court disagrees with Plaintiff, and GRANTS Defendants' Motion for Summary Judgment.

---

[1] Defendant has also improperly filed a second response (or surreply) in further response to Defendants' motion. Dkt. #44. That response was not only untimely filed, the Court's Local Rules do not provide for a second response to motions for summary judgment. *See* LCR 7(d). To the extent the brief is intended to be a surreply, the Court allows surreplies only to ask the Court to strike material contained in a Reply brief. LCR 7(g). Plaintiff's second response does not seek such relief. Accordingly, the Court GRANTS Defendants' request to strike the brief, and the Court will not consider it on this motion. *See* Dkt. #45.

ORDER– 1

## II. BACKGROUND[2]

Plaintiff initially filed this action on December 5, 2017, in King County Superior Court. Dkt. #1-1. Plaintiff alleges that on June 2, 2017, he appeared for arraignment on a bench warrant that had been issued for a prior failure to appear. Dkt. #1-1 at ¶ 1.4. He was released, and returned to court on June 5, 2017, where he reported to SeaTac Municipal Court Probation Officer Jeanette Fischer. Dkt. #1-1 at ¶¶ 1.5, 1.6, 4.5 and 4.6. Ms. Fischer apparently told him the warrant had been executed because she was unable to locate his current address. *Id.*

The evidentiary record in this case reveals the following. Defendant Fischer is a probation officer for the City of SeaTac. Dkt. #41 at ¶ 1. On February 28, 2017, a Summons to appear at a March 16, 2017, Review Hearing was issued to Plaintiff, and addressed to Post Office Box 9**49, Seattle, WA. Dkt. #29 at ¶ 19, Ex. C at SEATAC 000101. Plaintiff did not appear and a Bench Warrant was issued for "Failure to Appear at Hearing". *Id.* at SEATAC 00095 and 100. Ms. Fischer states that she had no involvement in scheduling the March 16th review hearing, nor did she have any involvement in preparing the summons/subpoena or bench warrant. Dkt. #41 at ¶¶ 4 and 5.[3]

---

[2] Although the Court views the facts in the light most favorable to the non-moving party, in this case Plaintiff, the Court notes that Plaintiff has provided no sworn Declarations or Affidavits in Support of his Opposition to the instant motion, nor has he provided any documentary or other evidence to the Court.

[3] On May 18, 2017, Probation Officer Fischer advised the court that "Mr. Bell has not made himself available for probation. It is requested that probation is terminated at this time and a bench warrant issued for his arrest." Dkt. #29 at ¶ 20, Ex. C at SEATAC 00085. This appears to be a request subsequent to, and separate from, the March 16th hearing.

ORDER– 2

On June 2, 2017, Plaintiff appeared in Court on the charge of failing to have an interlock device installed on his car as required by his Judgment and Sentence. *Id.* at ¶ 21, Ex. C at SEATAC 00086. He was released on his personal recognizance in order to present documentary proof that the device was properly installed. *Id.*

On June 5, 2017, Plaintiff reported to Ms. Fischer's office and provided her with the documentation requested by the Court during his June 2, 2017, hearing. Dkt. #41 at ¶ 6. Plaintiff questioned her about the address the Court had on record for him. *Id.* at ¶ 7. She showed Plaintiff the address on file with the Court, which was PO BOX 9\*\*49, Seattle, WA. *Id.* Defendant Fischer had no involvement in entering or changing Plaintiff's address with the court. *Id.* at ¶ 3.

Plaintiff subsequently brought this lawsuit. Defendants removed this action to this Court on January 3, 2018. Dkt. #1. Plaintiff filed a motion for remand, which was denied. Dkts. #10 and #18. This Court has since granted Defendants SCORE Jail's and Mindy Breiner's motions for summary judgment, dismissing those Defendants from the action. Dkts. #28 and #37.

### III. DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41

F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248.

The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Plaintiff's Claims Against Defendant Fischer**

Plaintiff appears to allege a host of State and Federal constitutional violations against Defendants SeaTac and Fischer, as well as a tort claim for False Arrest. Dkt. #1-1 at ¶ ¶ 1.5, 1.6, 3.2, 4.6, 4.10, 4.11, 4.15, 5.1, 5.5, 5.6 and 5.8. These claims fail as a matter of law for the reasons discussed below.

*1. Washington State Constitutional Claims*

As an initial matter, the Court addresses Plaintiff's claims against Defendants for alleged violations of Article 1, Sections 3 and 14 of the Washington State Constitution. Defendants argue that this claim should be dismissed because the Washington state constitution does not create a cause of action for money damages, without the aid of

ORDER– 4

augmentative legislation. Dkt. #39 at 12-13. Plaintiff fails to address this argument in his opposition.

Washington courts have consistently refused to recognize a state constitutional tort for damages. *See Reid v. Pierce County,* 136 Wn.2d 195, 213-14, 961 P.2d 333 (1998) (refusing to recognize a constitutional cause of action when plaintiffs did not present a reasoned or principled basis for one nor establish that it would be more appropriate than common law causes of action); *Blinka v. Wash. State Bar Ass'n*, 109 Wn. App. 575, 591, 36 P.3d 1094 (2001) (explaining that Washington courts will not recognize a cause of action based on constitutional violations without legislative guidance). This Court finds no reason to hold anything to the contrary. Accordingly, Plaintiff's claims for alleged violations of the Washington State Constitution are dismissed.

*2. False Arrest*

The Court next turns to Plaintiff's claim for False Arrest. To prove a claim of false arrest, a plaintiff must show he was arrested without lawful authority, or without probable cause. *See Michigan v. Summers*, 452 U.S. 692, 700 (1981); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998); *Hanson v. City of Snohomish*, 121 Wn.2d 552, 556 (1993). Probable cause is a complete defense to an action for false arrest. *Lacy v. Cnty. of Maricopa*, 631 F. Supp.2d 1183, 1193 (D. Ariz. 2008) (citing *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir.2006)); *see Smith v. Almada*, 640 F.3d 931, 944 (9th Cir.2011) (Gwin, J., concurring) (explaining probable cause acts as an absolute defense to both false arrest and malicious prosecution claims); *Hanson*, 121 Wn.2d at 563.

ORDER– 5

In the instant matter the Court has already determined that probable cause existed for the issuance of the summons and bench warrant after Plaintiff failed to appear at the March 16th review hearing. Dkt. #37 at 10-11. It is undisputed that Plaintiff did not appear at the hearing, and there is no evidence that Ms. Fischer or anyone else had any knowledge or information that the initial notice for the hearing had not gone to the proper address. Plaintiff fails to address this issue in his opposition. Therefore, the Court finds that Plaintiff's claim for False Arrest fails as a matter of law.

*3. Eighth Amendment Claim*

Plaintiff has also alleged a claim under the Eighth Amendment, although the basis of the claim is not entirely clear. The Eighth Amendment protects citizens against excessive bail, excessive fines, and cruel and unusual punishment. U.S. Cont. amend. XIII. However, the United States Supreme Court has long dictated that the Eighth Amendment does not apply to pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 537, 99 S. Ct. 1861 (1979). Instead, pretrial detainee claims proceed under the Due Process Clause of the Fourteenth Amendment. *Id*. Plaintiff was a pretrial detainee with respect to the failure to appear charge. Moreover, Plaintiff has stated repeatedly in briefing in these proceedings that the essence of his claim is one for violation of his Fourteenth Amendment Due Process rights. Thus, the Court finds that any claim under the Eighth Amendment also fails as a matter of law.

*4. Fourteenth Amendment Due Process Claim*

The Court next turns to Plaintiff's claim for a violation of his procedural due process rights under the Fourteenth Amendment Due Process Clause. Plaintiff alleges that

ORDER– 6

his rights were violated when Defendant Fischer sought a hearing for alleged probation violations, which ultimately resulted in a warrant for his arrest. Dkts. #1-1 at ¶¶ 5.5-5.8.

Under the Fourteenth Amendment to the United States Constitution, "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of laws." U.S. Const. amend. XIV. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). "Due process 'is a flexible concept that varies with the particular situation.'" *Shinault v. Hawks*, 782 F.3d 1053, 1057 (9th Cir. 2015) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990)).

Courts analyze procedural due process claims in two steps. First, the court "asks whether there exists a liberty or property interest which has been interfered with by the State." *Vasquez v. Rackauckas*, 734 F.3d 1025, 1042 (9th Cir. 2013) (internal quotation marks and citation omitted). If the court finds a protected interest, it proceeds to step two to determine what process is due. *Quick v. Jones*, 754 F.2d 1521, 1523 (9th Cir. 1985). In this second step, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Vasquez*, 734 F.3d at 1042 (citation omitted). To guide the second step of the analysis, courts consider the three-part balancing test announced in *Mathews v. Eldridge*:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative

ORDER– 7

> burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

Plaintiff has not alleged any deprivation of any protected liberty or property interest by Ms. Fischer, nor does he allege that Ms. Fischer denied him adequate procedural protections. Rather, he complains that she initiated the request for a review hearing for an alleged probation violation, which he appears to assert violated his due process rights. Dkt. #42. However, the record contains no evidence that Defendant Fischer was involved in the issuance of the notice for the review hearing. She testifies in her Declaration that she received a copy of the report regarding tampering with an interlock device, but states that she did not initiate the review hearing. Dkt. #41 and ¶ 4. Plaintiff provides no evidence to the contrary.[4] Accordingly, Plaintiff's Fourteenth Amendment claim must be dismissed.

*5. Immunity*

Because the Court finds that Plaintiff's alleged constitutional violations fail as a matter of law, the Court need not reach Defendant Fischer's alternate immunity arguments. *See* Dkt. #39 at 9-11.

*6. Claims Against City of SeaTac*

Finally, the Court turns to Plaintiff's claims against the City of SeaTac. It is not clear from the Complaint or from Plaintiff's briefs what Plaintiff claims against this Defendant. However, the Court notes that absent a constitutional violation, there can be no municipal liability under 42 U.S.C. § 1983. *Quintanilla v. City of Downey*, 84 F.3d 353,

---

[4] As noted above, Plaintiff appears to rely on a request subsequent to and separate from the March 16th hearing. *See* Dkt. #29, Ex. C at SEATAC 00085.

ORDER– 8

355 (9th Cir. 1996). Because the Court has determined that no constitutional violations occurred, Plaintiff cannot sustain a § 1983 claim against the City.

Moreover, a municipality cannot be held liable under 42 U.S.C. § 1983 solely because it employs a tortfeasor. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 692, 98 S. Ct. 2018 (1978). Instead, a plaintiff seeking to establish municipal liability must demonstrate that the municipality had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation suffered. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). Thus, Plaintiff must establish that the alleged unconstitutional action was the result of an unconstitutional custom or policy, the result of a deliberate indifference to a known need to train, or was ratified by the City's chief policymaker. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010); *Hopper v. City of Pasco*, 241 F.3d 1067, 1083 (9th Cir. 2001). "Pointing to a municipal policy action or inaction as a but-for cause is not enough to prove a causal connection under *Monell*." *Van Ort v. Estate of Stanewick*, 92 F.3d 831, 837 (9th Cir. 1996). The policy must be the proximate cause of the § 1983 injury. *Id*.

In this case, Plaintiff provides no evidence to support any theory of liability under *Monell* and its progeny. Accordingly, any claims against SeaTac will also be dismissed.

### IV. CONCLUSION

Having reviewed Defendants' Motion for Summary Judgment, the Opposition thereto and Reply in support thereof, along with the supporting Declaration and Exhibits and the remainder of the record, the Court hereby finds and ORDERS:

ORDER– 9

1. Defendants SeaTac's and Fischer's Motion for Summary Judgment (Dkt. #39) is GRANTED, and Defendants SeaTac and Fischer are DIMISSED as Defendants to this action.

2. Defendants' Motion to Strike (Dkt. #45) is GRANTED.

3. As there are no other pending claims against any other Defendants, this matter is now CLOSED.

DATED this 30th day of July, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER– 10